NO. 07-04-0404-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 13, 2005

_____

ARTURO MARTINEZ NUNEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B15388-0402; HONORABLE ED SELF, JUDGE
_____

Before QUINN, C.J. and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Arturo Martinez Nunez, appeals from a judgment of conviction for the offense of aggravated sexual assault and a sentence of confinement in the Institutional Division of the Texas Department of Criminal Justice of 99 years and a fine of $10,000.00. Overruling appellant's issue, we affirm.

Appellant's sole issue on appeal is that the trial court erred in denying appellant's challenges for cause to 26 members of the jury panel. The appellant concedes that the

evidence was sufficient to sustain the verdict. Therefore, only the facts relevant to the issue will be recited.

Prior to announcements for trial, appellant filed his application for community supervision. After pretrial matters were concluded, the jury panel of 47 members were brought into court and voir dire was commenced. Much of appellant's voir dire was spent explaining the full range of punishment for the offense, including community supervision. Appellant asked each jury panel member if they could consider probation as part of the punishment in a sex-related offense. Twenty-seven of the panelists said, in one form or another, that they could never consider community supervision as a possible punishment in a sex-related offense. Of the 27 panelists so answering, appellant challenged 26 for cause stating that they were disqualified because they could not consider the full range of punishment. The trial court denied the challenges. Subsequently, appellant requested 26 additional peremptory challenges, which the trial court denied. Finally, appellant asked for any number of additional peremptory challenges up to 26. This request was also denied by the trial court. The appellant then exercised his ten statutory peremptory challenges. Prior to seating the jury, appellant's attorney requested the trial court bring the challenged panel members before the bench to discuss qualification issues. The trial court denied the request and the names of the jurors were called from the list and they were seated, sworn and instructed.

Following a verdict of guilty and punishment assessed by the same jury, appellant appeals contending that the trial court abused its discretion in seating objectionable jurors after he had properly challenged them for cause.

To preserve error when a trial court erroneously denies a challenge for cause, an appellant must: (1) assert a clear and specific challenge for cause; (2) use a peremptory strike on the complained of prospective juror; (3) exhaust his peremptory strikes; (4) request additional peremptory strikes; (5) identify an objectionable juror; and (6) claim that he would have struck the objectionable juror with a peremptory strike if he had one to use. Allen v. State, 108 S.W.3d 281, 282 (Tex.Crim.App. 2003), cert. denied, 540 U.S. 1185, 124 S.Ct. 1405, 158 L.Ed.2d 90 (2004). Appellant contends that eight objectionable jurors served on the jury. However, the record reflects that appellant never identified the objectionable jurors nor claimed that he would have used a peremptory challenge against them. Absent these requirements to preserve error, there is nothing for this court to review. Id. at 283.

Appellant's sole issue is overruled and the judgment of the trial court is affirmed.


Mackey K. Hancock
Justice


Do not publish.


3